1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GLENN B. SPILLMAN,                )
                                  )
            Petitioner,           )        No. C 10-4980 CRB (PR)
                                  )
    vs.                           )        ORDER TO SHOW CAUSE
                                  )
VINCE CULLEN, Acting Warden,      )
                                  )
            Respondent.           )
_____ )

    Petitioner, a state prisoner incarcerated at San Quentin State Prison, has

filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254

challenging a conviction from Monterey County Superior Court.

                            **BACKGROUND**

    Petitioner was convicted by a jury of second degree murder.  The jury also

found true an enhancement for shooting a firearm from a motor vehicle, but did

not make as to the truth of two personal gun use enhancements.  On August 17,

2006, petitioner was sentenced to 20 years to life in state prison.

    Petitioner unsuccessfully appealed his conviction to the California Court

of Appeal and the Supreme Court of California, which on November 19, 2009

denied review of a petition allegedly raising the same claims raised here.

1

**DISCUSSION**

2

A.     Standard of Review

3

         This court may entertain a petition for a writ of habeas corpus "in behalf

4

of a person in custody pursuant to the judgment of a State court only on the

5

ground that he is in custody in violation of the Constitution or laws or treaties of

6

the United States."  28 U.S.C. § 2254(a).

7

         It shall "award the writ or issue an order directing the respondent to show

8

cause why the writ should not be granted, unless it appears from the application

9

that the applicant or person detained is not entitled thereto."  Id. § 2243.

10

B.     Claims

11

         Petitioner seeks federal habeas corpus relief by raising claims of

12

instructional error and improper exclusion of evidence.  Liberally construed, the

13

claims appear cognizable under § 2254 and merit an answer from respondent.

14

See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must

15

construe pro se petitions for writs of habeas corpus liberally).

16

**CONCLUSION**

17

         For the foregoing reasons and for good cause shown,

18

         1.     The clerk shall serve a copy of this order and the petition and all

19

attachments thereto on respondent and respondent's attorney, the Attorney

20

General of the State of California.  The clerk also shall serve a copy of this order

21

on petitioner.

22

         2.     Respondent shall file with the court and serve on petitioner, within

23

60 days of the issuance of this order, an answer conforming in all respects to Rule

24

5 of the Rules Governing Section 2254 Cases, showing cause why a writ of

25

habeas corpus should not be granted.  Respondent shall file with the answer and

26

serve on petitioner a copy of all portions of the state trial record that have been

27

28

2

1 | transcribed previously and that are relevant to a determination of the issues

2 | presented by the petition.

3 | If petitioner wishes to respond to the answer, he shall do so by filing a

4 | traverse with the court and serving it on respondent within 30 days of his receipt

5 | of the answer.

6 | 3.    Respondent may file a motion to dismiss on procedural grounds in

7 | lieu of an answer, as set forth in the Advisory Committee Notes to  Rule 4 of the

8 | Rules Governing Section 2254 Cases.  If respondent files such a motion,

9 | petitioner shall file with the court and serve on respondent an opposition or

10 | statement of non-opposition within 30 days of receipt of the motion, and

11 | respondent shall file with the court and serve on petitioner a reply within 15 days

12 | of receipt of any opposition.

13 | 4.    Petitioner is reminded that all communications with the court must

14 | be served on respondent by mailing a true copy of the document to respondent's

15 | counsel.  Petitioner must also keep the court and all parties informed of any

16 | change of address.

17 | SO ORDERED.

18 | DATED:  Feb. 14, 2011

CHARLES R. BREYER
19 | United States District Judge

G:\PRO-SE\CRB\HC.10\Spillman, G1.osc.wpd

3